**Kirsha BROWN, Plaintiff-Appellant,**

v.

**ORANGE COUNTY CORRECTIONS DEPT., Female Detention Center Mental Health Dept., Female Detention Center Medical Dept., Defendants-Appellees.**

No. 16-12283

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(October 27, 2017)

Kirsha Brown, Pro Se

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kirsha Brown, a prisoner proceeding pro se, appeals the sua sponte dismissal of her 42 U.S.C. § 1983 complaint against the Orange County Corrections Department, and medical and mental health departments of the female detention center, alleging that her constitutional rights had been deprived based on her treatment and prison conditions during her incarceration. On appeal, Brown argues that the district court erred in dismissing her complaint since her constitutional rights had been violated pursuant to an unofficial municipal custom. After thorough review, we affirm.

A district court may sua sponte dismiss a complaint filed in forma paurperis if the court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A district court's dismissal for failure to state a claim is reviewed de novo, using the same standards that govern dismissals under Fed. R. Civ. P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To properly state a claim, a plaintiff must file a complaint containing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). We liberally construe pro se pleadings, but the "pleading[s] must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a

legal theory devoid of any factual basis." Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

In making a § 1983 claim against a municipality or other governmental entity, a plaintiff must allege the deprivation of a federal right caused by a policy or custom of the entity that constituted deliberate indifference to the plaintiff's constitutional rights. McDowell v. Brown, 392 F.3d 1283, 1289-90 (11th Cir. 2004). A custom is a practice "so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker," and demonstrating a "custom generally requires the plaintiff to show a persistent and wide-spread practice." Goodman v. Kimbrough, 718 F.3d 1325, 1335 (11th Cir. 2013) (quotations omitted).

Here, the district court did not err by dismissing Brown's complaint because Brown failed to state a claim for relief against the named governmental entities. Among the arguments in her brief, the only context in which Brown specifically discussed the concept of a governmental custom or policy concerned her claim that she had been held for a third involuntary hospitalization as a result of an unofficial governmental custom. Namely, when discussing the Baker Act,[1] Brown said that she "had been hospitalized in two different Mental Health Hospitals for eight months and had been deemed ... competent twice," including a release "one week" before February 14, 2017. On that day, Brown claims she was involuntarily admitted for a "third hospitalization" that was "not ordered" by any court, which had instead "[o]rdered a permanent release to the public." She asserted that she had been deprived of her rights that day "pursuant to governmental 'custom.'" But Brown did not provide any supporting facts about the nature of that custom. Because the allegations concerning the governmental custom were insufficient to raise her claim above the speculative level, she did not state a proper claim against the Orange County Corrections Department or departments of the female detention center concerning her hospitalization.

Brown also described in her brief other instances in which her rights were allegedly violated—offering more details than she provided in her complaint—claiming, for example, that correctional officers had used a stun gun, a chemical agent, and restraints on her, that she had received extended disciplinary confinement, that she had been denied specialized meals for her medically required diet, and that she had been denied her daily basic needs, her request for medical screening or treatment, and adequate protection from other inmates. However, even construing these facts liberally, they do not amount to an allegation of any persistent or widespread practice that resulted in her injuries. Indeed, she makes no suggestion that these violations were caused by a policy or custom of Orange County Corrections Department or departments of the female detention center. Accordingly, the district court was correct in dismissing Brown's complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and we affirm.

**AFFIRMED.**

---

1. The Florida Mental Health Act of 1971, or Baker Act, permits the involuntary examination for up to 72 hours of an individual where the person (1) is or is likely to be a harm to others or self or to be self-neglectful, and (2) has refused voluntary examination or is not competent to consent to examination. See Fla. Stat. § 394.463 (2013). See generally id. §§ 394.451-394.47892 (2013).